IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:12-CV-00301-F

| | |
|---|---|
| JOHN W. STUKES, JR., ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| SUN LIFE FINANCIAL SERVICES COMPANY, ) | |
| INC., ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff's Motion to Remand [DE-6] and Defendant's Motion to Dismiss [DE-11]. A hearing was held before the undersigned on February 13, 2013. At the hearing, Plaintiff was represented by Andrew J. Hanley, and Defendant was represented by Benton Louis Toups.

## I. BACKGROUND

Plaintiff purchased an insurance policy (policy number 52317416) from Defendant with an effective date of September 1, 2009. Compl. ¶¶ 8, 9 [DE-1], Ex. 2. On October 24, 2010, Plaintiff dislocated his left wrist while locking/unlocking a container. *Id.* ¶ 12. As a result of the injury, Plaintiff was out of work from the date of the injury and returned to work with restricted duty on July 20, 2011. *Id.* ¶ 17. Plaintiff filed a claim for benefits for the injury with Defendant, but the claim has not been paid. *Id.* ¶¶ 18, 19. Defendant allegedly failed to respond to Plaintiff's requests for information regarding his claim. *Id.* ¶ 21.

In August 2012, Plaintiff sued Defendant in the General Court of Justice, Superior Court Division, New Hanover County, North Carolina. *See* Notice of Removal [DE-1]. Defendant removed the action to this court alleging federal question jurisdiction and diversity jurisdiction. *Id.*

## II. ANALYSIS

Because the Motion to Remand goes to the heart of whether this court has subject matter jurisdiction over this action, the court will address the Motion to Remand first.

### A. Motion to Remand

Defendant contends that removal of this action to this court is proper under both federal question jurisdiction, pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), and diversity jurisdiction, pursuant to 28 U.S.C. § 1332. Def.'s Oppos. Motion Remand [DE-13].

<u>Removal under 28 U.S.C. § 1331</u>

Pursuant to 28 U.S.C. § 1331, federal question jurisdiction exists when a plaintiff's cause of action arises under federal law. Federal question jurisdiction is limited to an action in which the plaintiff's well-pleaded complaint raises an issue of federal law, and actions in which defendants merely claim a substantive federal defense to a state-law claim do not raise a federal question. *In re Blackwater Security Consulting, LLC*, 460 F.3d 576, 584 (4th Cir. 2006). Accordingly, to determine "whether an action presents a federal question under § 1331, a court must first discern whether federal or state law creates the cause of action." *Mulcahey v. Columbia Organic Chemicals Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal law creates the cause of action, a district court "unquestionably" has federal subject matter jurisdiction. *Id.* On the other hand, if state law creates the cause of action, "federal question jurisdiction depends on whether the plaintiff's demand 'necessarily depends on resolution of a *substantial* question of federal law.'" *Id.* (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 28 (1983) (emphasis added)).

Here, Plaintiff argues that remand is warranted because Defendant has not shown that removal was proper under either diversity or subject matter jurisdiction. Pl.'s Motion Remand [DE-

2

6]. With respect to subject matter jurisdiction, Plaintiff argues that Employee Retirement Income Security Act (ERISA) does not apply to this case because the purchase of the policy was entirely voluntary and involved a private contract. Pl.'s Mem. Supp. Mot. Remand [DE-7]. Moreover, Plaintiff asserts that his benefits were not paid for by any of his employers or the Union. *Id.* To the extent that Plaintiff's employer had some involvement in the plan that he was not aware of, Plaintiff contends that the plan would still fall outside ERISA because 29 C.F.R. § 2510.3 creates a safe harbor or exclusion for those plans where there is no active employer control. *Id.*

Defendant argues that the policy is governed by ERISA. Def.'s Oppos. Mot. Remand [DE-13]. Specifically, Defendant contends that the policy under which Plaintiff filed his claim for benefits was sold to him by a salesman that attended a Union meeting where he was present, this insurance was in addition to the insurance he received from the Union, and the evidence shows that the Union was actively involved in the administration of Plaintiff's claim for accident insurance benefits. *Id.*

An employee welfare benefit plan is defined as follows:

> [A]ny plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an *employee organization*, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment, or vacation benefits, apprenticeship or other training programs, or day care centers, scholarship funds, or prepaid legal services, or (B) any benefit described in section 186(c) of this title (other than pensions on retirement or death, and insurance to provide such pensions).

29 U.S.C. § 1002(1) (emphasis added). The definition can be broken down into five elements: (1) a plan, fund, or program (2) established or maintained (3) by an employer or employee organization (4)

3

for the purpose of providing medical, surgical, hospital care, or sickness benefits (5) to participants or their beneficiaries. *Madonia v. Blue Cross & Blue Shield of Virginia*, 11 F.3d 444, 446 (4th Cir. 1993) (adopting test from *Donovan v. Dillingham*, 688 F.2d 1367, 1371 (11th Cir. 1982) (en banc)).

At the hearing on February 13, 2013, the court found that the Union was actively involved in the administration of Plaintiff's claim for accident insurance benefits, and as such, the policy at issue is governed by ERISA. For this reason, this court has subject matter jurisdiction and removal to this court was proper. Accordingly, Plaintiff's Motion to Remand [DE-6] is DENIED.

**B. Motion to Dismiss**

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243–44 (4th Cir. 1999). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and the complaint must have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555. Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. Partnership*, 213 F.3d 175, 180 (4th Cir. 2000).

Defendant argues that it is entitled to dismissal pursuant to 12(b)(6) because Plaintiff's state law claims are preempted by ERISA. Def.'s Mem. of Law Supp. Motion Dismiss [DE-12]. Specifically, Defendant contends that Plaintiff's claims for breach of contract and for violations of Chapters 58 and 75 of the North Carolina General Statutes are completely preempted by ERISA. *Id.* Defendant further argues that dismissal of this case is warranted because the insurance policy upon which Plaintiff bases his lawsuit does not provide for disability benefits. *Id.* Finally, Defendant contends that the Complaint incorrectly identified the Defendant as "Sun Life Financial Services Company, Inc." and that the proper defendant is "Professional Insurance Company." *Id.*

Plaintiff argues that policy number 52317416 is not an ERISA policy. Pl.'s Oppos. Mot. Dismiss [DE-14]. Specifically, Plaintiff contends that Defendant has not provided competent evidence contesting the Affidavit Plaintiff filed, which Plaintiff suggests proves that the policy is not governed by ERISA. *Id.* Plaintiff further contends that he believed the policy provided for disability benefits because Defendant's agent who sold him the policy specifically advised him that the policy provided disability benefits. *Id.*

At the February 13, 2013 hearing, the undersigned held that it was not clear that the proper defendant had been named. The court directed Defendant to determine who the proper defendant is and to advise Plaintiff.[1] The court further held that a review of policy number 52317416, the only policy under which plaintiff sought benefits in this action, revealed that the policy does not provide for disability benefits. For this reason, Defendant's Motion to Dismiss [DE-11] is ALLOWED without prejudice to Plaintiff to re-file his claim.

---

[1] Defendant filed a Notice [DE-19] dated February 22, 2013 providing clarification on the identity of the corporate Defendant.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand [DE-6] is DENIED and Defendant's Motion to Dismiss [DE-11] is ALLOWED without prejudice to Plaintiff to re-file his claim.

SO ORDERED.

This, the 4th day of March, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge